IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JESSIE LEE BROWN,                    :
                                     :
      Plaintiff,              :    NO. 4:26-CV-00976-CDL-AGH
VS.                                  :
                                     :
Chief Judge BOBBY PETERS,            :
Attorney D. WILLIAMS,                :
                                     :
      Defendants.             :
_____

## DISMISSAL ORDER

*Pro se* Plaintiff Jessie Lee Brown, an inmate incarcerated at the Muscogee County Jail in Columbus, Georgia, has filed a complaint under 42 U.S.C. § 1983.  ECF No. 1. Plaintiff has not paid the filing fee so the Court concludes that Plaintiff seeks leave to proceed *in forma pauperis*.  However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED** and this complaint is **DISMISSED without prejudice** for the reasons set forth below.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis:*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id*. The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed more than forty prior federal lawsuits and at least three of his complaints have been dismissed as frivolous or malicious or for failure to state a claim.[1] *See, e.g.,* Order Dismissing Compl.,

---

[1] The Georgia Department of Corrections online offender query system shows that Plaintiff spells his first name both as "Jessie" and as "Jesse" and that he has other aliases as well. https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (searched "Brown, Jessie") (last visited July 7, 2026) (showing known aliases include "Brown, Jesse Lee," Brown, Jessie Lee," and "Brown, Jessie A."). The Court has confirmed that Plaintiff has filed cases under the first names "Jesse" and "Jessie" by cross-referencing PACER records with Plaintiff's Georgia Department of Corrections identification numbers, Georgia Department of Corrections case numbers, and Muscogee County Sheriff's Office online jail records. *See id*.; https://portal-gamuscogee.tylertech.cloud/app/JailSearch/#/search (searched "Jessie Brown") (last visited July 7, 2026).

*Brown v. Abbot*, ECF No. 22 in Case No. 4:03-cv-00108-BAE (S.D. Ga. June 1, 2004) (dismissing pursuant to 28 U.S.C. § 1915A(b)(1)); Order Dismissing Compl., *Brown v. McLane*, ECF No. 4 in Case No. 7:03-cv-00101-HL-RLH (M.D. Ga. Jan. 13, 2004) (dismissing as frivolous); Order on Mot. Recons., *Brown v. Nix*, ECF No. 12 in Case No. 7:03-cv-00098-HL-RLH (M.D. Ga. Jan. 6, 2004) (dismissing as frivolous and pursuant to 28 U.S.C. § 1915(g)); Order Dismissing Compl., *Brown v. Nance*, ECF No. 6 in Case No. 4:01-cv-00127-HL (M.D. Ga. Oct. 19, 2001) (adopting recommendation to dismiss for failure to state claim);   *Brown v. Lynch*, ECF No. 8 in Case No. 4:24-cv-00158-CDL (M.D. Ga. Feb. 21, 2025) (adopting recommendation to dismiss under §1915A(b)(1) as malicious for abuse of the judicial process and under §1915(g) three strikes provision); *Brown v. Mitchell*, ECF No. 24 in Case No. 4:24-cv-00144-CDL (M.D. Ga. Mar. 14, 2025) (same);  *Brown v. Countryman*, ECF No. 7 in Case No. 4:25-cv-00276-CDL (M.D. Ga. Dec. 22, 2025) (adopting recommendation to dismiss under §1915A(b)(1) for failure to state a claim and under §1915(g) three strikes provision).

Additionally, Plaintiff has been identified as having three strikes in multiple other federal lawsuits where he was denied leave to proceed *in forma pauperis* under § 1915(g) and the cases were dismissed.  *See, e.g., Brown v. Ezell*, Case No. 4:06-cv-00121-CDL (M.D. Ga. Oct. 23, 2006); *Brown v. Stracker,* Case No. 4:12-cv-00260 (M.D. Ga. Oct. 3, 2012); *Brown v. Owens,* Case No. 1:14-cv-00177 (S.D. Ga. Nov. 10, 2014); *Brown v. Owens,* Case No. 7:14-cv-00170 (M.D. Ga. Dec. 5, 2014); *Brown v. Lynch,* Case No. 4:20-cv-00053 (M.D. Ga. Sep. 30, 2020); *Brown v. Thomas,* Case No. 4:20-cv-00098 (M.D. Ga. Jan. 14, 2021); *Brown v. Kemp,* Case No. 4:25-cv-00037 (M.D. Ga. Mar. 25,

2025); *Brown v. Darington,* Case No. 4:25-cv-00253 (M.D. Ga. Jan. 5, 2026); *Brown v. Mobley,* Case No. 4:26-cv-00481 (M.D. Ga. Apr. 15, 2026).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).  To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).  The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff complains that Defendant D. Williams will not remove herself as his attorney in his state criminal proceedings and that Defendant Judge Peters will not remove Williams from his case or entertain Plaintiff's motion to dismiss his criminal charges.  ECF No. 1.  Nowhere in Plaintiff's complaint does he provide any facts suggesting that he is in imminent danger of suffering any serious physical injury from these Defendants.  As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper

procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."); *see also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)).  Accordingly, Plaintiff may not proceed *in forma pauperis* and this action is **DISMISSED without prejudice**.

**SO ORDERED,** this 8th day of July, 2026.


S/Clay D. Land_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA